# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
                                                                    :
BARBARA BATISTA,                                                    :
                                                                    :
                        Plaintiff,                                 :
                                                                    :
                v.                                                  :   Civ. Act. No._____
                                                                    :
JACOBI MEDICAL CENTER and NEW YORK CITY                            :
HEALTH AND HOSPITALS CORPORATION,                                  :   COMPLAINT AND JURY
                                                                    :   DEMAND
                        Defendants.                                :
                                                                    :
------------------------------------------------------------------- x
```

Plaintiff Barbara Batista, by her attorneys, The New York Center for Law and Justice, pleads and alleges as follows:

## PRELIMINARY STATEMENT

This action arises from the failure of the Jacobi Medical Center and the New York City Health and Hospitals Corporation ("Defendants") to provide effective communication between Defendants' medical institution and Plaintiff Barbara Batista, who is deaf, reads only a very limited amount of written English, and relies on American Sign Language ("ASL") to communicate with others.

1.      Plaintiff Barbara Batista was denied equal access to benefits, services, and effective communication with Defendants' staff because of Defendants' failure to provide her with qualified sign language interpreter services or auxiliary aids.

1

2.      Defendants denied Plaintiff Barbara Batista the opportunity to participate in, question, or understand discussions and decisions concerning her daughter Z.S.'s healthcare. This denial of effective communication to Ms. Batista constitutes discrimination on the part of Defendants, in violation of Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), Title II of the Americans with Disabilities Act of 1990 (the "ADA"), the New York City Human Rights Law ("NYCHRL"), the New York State Human Rights Law ("NYSHRL").

3.      As a result of Defendants' failure to abide by the law and provide qualified sign language interpreters or auxiliary aids, Plaintiff Barbara Batista suffered extreme emotional distress.

4.      Defendants' failure to provide access to effective communication to Plaintiff Barbara Batista violates Section 504 of the Rehabilitation Act, Title II of the ADA, the New York City Human Rights Law, and New York State Human Rights Law.

5.      Plaintiff Barbara Batista seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.

**PARTIES**

6.      At all times hereinafter mentioned, Plaintiff Barbara Batista was and still is a resident of Bronx County, and the City and State of New York.

7.      Ms. Batista is the mother and legal guardian of her minor daughter, Z.S.

8.      Ms. Batista required a qualified American Sign Language interpreter, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' services.

9.      Ms. Batista is also a qualified person with a disability pursuant to the ADA, the Rehabilitation Act, the NYSHRL and the NYCHRL.

10.     At all times herein mentioned, Defendant New York City Health and Hospitals Corporation (hereinafter "Health and Hospitals") was and still is a public benefit corporation, duly organized and existing under and by virtue of the law of the State of New York.

11.     At all times herein mentioned, defendant, Jacobi Medical Center, operated a hospital known as Jacobi Medical Center located in the Bronx County, City and State of New York.

12.     The Defendants are public entities and recipients of federal financial assistance. Thus, the Defendants are subject to the requirements of the Rehabilitation Act, the ADA, the NYSHRL and the NYCHRL.

## JURISDICTION AND VENUE

13.     This Court has original jurisdiction over this action pursuant to §§ 504 and 505 of the Rehabilitation Act and the ADA, inasmuch as federal questions are at issue, and also has pendent jurisdiction over this matter based on the nonfederal claims.

14.     This Court has personal jurisdiction over Defendants because Defendants reside in this district.

15.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and because acts and omissions of Defendants giving rise to this action occurred in this district.

## FACTS

16.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance."

17.     Title II of the ADA requires, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

18.     Federal law provides that the same "remedies, procedures, and rights . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance."  29 U.S.C.A. § 794a.

19.     "[T]o gain entry to the courts, non-disabled parties bringing associational discrimination claims need only prove an independent injury causally related to the denial of federally required services to the disabled persons with whom the non-disabled plaintiffs are associated."  *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 279 (2d Cir. 2009).

20.     The New York City Human Rights Law specifically prohibits discrimination based upon disability under N.Y.C. Admin Code § 8-107 (15).

21.     Further, The New York City Human Rights Law specifically prohibits discrimination based upon disability "of a person with whom such person has a known relationship or association" under N.Y.C. Admin Code § 8-107(20).

22.     The New York State Human Rights Law specifically prohibits discrimination based upon disability under N.Y. Exec. Law § 292 *et seq*.

23.     Under New York State Human Rights Law, "any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate."  N.Y. Exec. Law § 297.

24.     As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to Plaintiff Barbara Batista, who is deaf, to ensure effective communication.

4

25.     Among the aids that were not provided include a failure to offers qualified interpreters to the Plaintiff Barbara Batista.  These aids – qualified interpreters – were requested and never utilized by Defendants during Ms. Batista's daughter's medical treatment that commenced October 23, 2015 when she was treated at Defendant Jacobi Medical Center.

**Plaintiff Barbara Batista Visited Jacobi Medical Center on October 23, 2015**

26.     On October 23rd, 2015, Plaintiff Barbara Batista's daughter, Z.S., was taken to the Emergency Room of Defendant Jacobi Medical Center (hereinafter "Jacobi") at or about 7:30 PM.

27.     At Jacobi, Ms. Batista requested a sign language interpreter.

28.     No interpreter was provided.

29.     Ms. Batista and Defendants attempted to use a Video Remote Interpreting ("VRI") system.

30.     The VRI did not work.

31.     As a result of the VRI not working, Defendants failed to provide effective communication.

**Plaintiff Barbara Batista Visited Jacobi Medical Center on November 9, 2015**

32.     On November 9th, 2015, Plaintiff Barbara Batista visited Defendants' medical center due to her daughter's medical condition.

33.     An interpreter arrived.

34.     The interpreter was present with the doctor for only a few minutes.

35.     The interpreter left before the completion of the conversation.  As a result, Ms. Batista could not effectively communicate with the doctor.

36.     Ms. Batista asked the interpreter why he had to leave.  He stated that the doctor had texted him a short time before he arrived and had requested his services and that there was another patient that the interpreter had made a commitment to serving and the interpreter had to leave to be present with the other patient.

37.     Ms. Batista requested a replacement for the sign language interpreter.

38.     No replacement interpreter was provided.

39.     Instead, the doctor used Ms. Batista's minor daughter Z.S. as an interpreter.

**Plaintiff Barbara Batista Visited at Jacobi Medical Center on November 16, 2015**

40.     On November 16th, 2015, Plaintiff Barbara Batista visited the gastroenterology clinic at Defendants' medical center for a scheduled sonogram for her daughter, Z.S.

41.     Ms. Batista requested an interpreter.

42.     No interpreter was provided and a sonogram was performed.

43.     Because the interpreter was absent throughout the procedure, Ms. Batista was prevented from engaging in effective communication before and during the procedure.

44.     After the sonogram was performed, a doctor arrived and spoke with Ms. Batista's minor daughter, in the absence of an interpreter.

45.     An interpreter arrived after the doctor's conversation with Ms. Batista's daughter and it was only then that Ms. Batista was able to effectively communicate with the doctor.

46.     The interpreter remained for only a few minutes and left before the completion of the conversation.

**Plaintiff Barbara Batista Visited Jacobi Medical Center on January 26, 2016**

47.     On January 26th, 2016, Plaintiff Barbara Batista's daughter Z.S. was taken to the emergency room of Jacobi Medical Center.

6

48.     Ms. Batista was present at Jacobi Medical Center from approximately 6:00 p.m. until 8:00 pm.

49.     During this time in the emergency room, Ms. Batista requested a sign language interpreter.

50.     No interpreter was provided.

51.     Because Defendants failed to provide a sign language interpreter, Ms. Batista was prevented from engaging in effective communication.

52.     At all times hereinafter mentioned, Defendant Health and Hospitals operated Jacobi for the care and treatment of persons afflicted with illness or disease.

53.     At all times herein mentioned, Health and Hospitals employed physicians, nurses, technicians, and other personnel at Jacobi for the purpose of providing medical care and treatment to persons seeking medical care and treatment.

54.     At all times hereinafter mentioned, Jacobi was and is a medical facility duly licensed by the State of New York.

55.     At all times hereinafter mentioned, Defendant Jacobi was and still is a hospital and/or medical center engaged in the business of, among other things, rendering hospital and medical care, treatment and services to the general public.

56.     At all times hereinafter mentioned, Defendant Health and Hospitals is responsible for the acts and omissions committed by its employees and/or agents, while acting in the scope of said employment or agency, relating to the hospital and medical care and treatment rendered to patients at Jacobi.

57.     At all times hereinafter mentioned, Defendants, by and through their agents, servants and employees, rendered hospital, medical and health care services and treatment to

Z.S., minor daughter of Plaintiff Barbara Batista, on October 23rd, 2015 when Ms. Batista was in the emergency room on that day as well as on November 9th, 2016 and January 26th, 2016.

58.     At all times hereinafter mentioned, defendants, by and through their agents, servants and employees, rendered hospital, medical and health care services and treatment to Z.S., daughter of Plaintiff Barbara Batista, on November 16th, 2015 when Ms. Batista was in Defendants' gastroenterology clinic.

**Ms. Batista Experienced Extreme Emotional Distress**

59.     Ms. Batista has been directly harmed by Defendants' failure to provide ASL interpretive services.

60.     Without a qualified interpreter being provided to Ms. Batista, she was unable to communicate effectively during critical aspects of Z.S.'s treatment at Defendants' medical center.

61.     The basic care provided by the Defendants was inadequate, as communication barriers led to Ms. Batista feeling frustrated, scared, and upset multiple times throughout her minor daughter Z.S.'s care.

62.     Ms. Batista was unable to effective communicate during her daughter Z.S.'s care as the Defendants failed to provide any reasonable accommodation for her disability.

63.     Ms. Batista experienced emotional distress.

64.     Ms. Batista suffers from damages as a direct result of Defendants' failure to provide a sign language interpreter to Ms. Batista.

## FIRST CLAIM FOR RELIEF
### Discrimination on the Basis of a Disability in
### Violation of the Rehabilitation Act
### (29 U.S.C. § 794 *et seq.*)

65.     Plaintiff Barbara Batista re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

66.     The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

67.     Under Federal law, it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

68.     At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, was in full force and effect and applied to Defendants' conduct.

69.     Plaintiff Barbara Batista is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. There, Ms. Batista is a qualified individual with a disability within the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

70.     Plaintiff Barbara Batista is also a qualified individual because she is a person known to have a relationship with Z.S. as demonstrated to the Defendant's Staff. Ms. Batista was also entitled to effective communication due to her role as Z.S.'s mother and guardian while in the Defendants' medical center.

71.     The operations of Health and Hospitals, including Defendant Jacobi Medical Center, are "program[s] or activit[ies]" within the meaning of 29 U.S.C. § 794(b)(3)(A)(ii).

72.     Defendants receive federal financial assistance within the meaning of the Rehabilitation Act.  29 U.S.C. § 794(a).

73.     The Department of Health and Human Services regulations implementing the Rehabilitation Act clarify the requirements for Federal financial recipients, such as Defendants, stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question."  45 C.F.R § 84.52(d)(1).

74.     Appropriate auxiliary aids include, but are not limited to, interpreters.  45 C.F.R. § 84.52(d)(3).

75.      Defendants have failed to comply with the Rehabilitation Act by refusing to provide to deaf and hard of hearing individuals, including Plaintiff Barbara Batista:

- Qualified interpreters;
- Auxiliary aids and services;
- Displays indicating availability of ASL interpreters;
- Forms to ensure ability of individuals to designate ASL as their primary language;
- Trained staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- The provision/designation of an interpreter-ADA accessibility coordinator who would evaluate the needs of any deaf or hard of hearing individuals;
- Policy and procedure to ensure compliance with the law;
- Means of monitoring and reporting non-compliance with the law.

76.     The above are examples of techniques employed by other institutions to provide access to services, programs, benefits, activities and facilities for deaf and hard of hearing people in a manner consistent with the Rehabilitation Act and the ADA.

77.     Defendants, despite consistent and repeated requests by Plaintiff Barbara Batista, often refused to provide sign language interpreters during Ms. Batista's daughter's stays at Defendants' Jacobi Medical Center.

78.     Plaintiff Barbara Batista requested an interpreter during her daughter's visits to Defendants' Jacobi Medical Center.

79.     Plaintiff Barbara Batista was unable to effectively communicate with Defendants' staff, and she was excluded from discussions and decisions relating to her daughter's treatment and evaluation at Jacobi Medical Center, which would have directly benefitted Ms. Batista, and which were provided to other hospital patients and other parents of hospital patients.

80.     As a proximate result of Defendants' violations of Plaintiff Barbara Batista's rights under the Rehabilitation Act, Ms. Batista has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property, among other harms.

81.     Defendants' failure to comply with the Rehabilitation Act has resulted in harm to Plaintiff Barbara Batista.

82.     As a result of Defendants' breaches of law, Plaintiff Barbara Batista has been damaged and injured and demands compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendants to operate in compliance with applicable laws and regulations.

## SECOND CLAIM FOR RELIEF
### Discrimination on the Basis of a Disability in Violation of
### Title II of the Americans with Disabilities Act of 1990
### (42 U.S.C. § 12131 *et seq.*)

83.     Plaintiff Barbara Batista re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

84.     On July 12, 1990 Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

85.     At all times relevant to this action, the ADA was in full force and effect in the United States and Plaintiff Barbara Batista had a right not to be subjected to discrimination by Defendants on the basis of Ms. Batista's disability.  42 U.S.C. § 12182.

86.      Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.The ADA defines a disability as "a physical . . . impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).  Major life activities include hearing and speaking.  42 U.S.C. § 12102(2)(A).

87.     Plaintiff Barbara Batista is a qualified individual with a disability within the meaning of the ADA.  42 U.S.C. § 12131(2).

88.     Defendants are public entities within the meaning of 42 U.S.C. § 12131(1) because they are instrumentalities of the City of New York.

89.     Under Federal law, it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an

individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."  42 U.S.C. § 12182(b)(1)(E).

90.    Plaintiff Barbara Batista is also a qualified individual because she is a person known to have a relationship with Z.S. as demonstrated to the Defendants' staff.

91.    Ms. Batista was unable to communicate effectively with Defendants' staff, and she was excluded from discussions and decisions relating to her daughter's treatment and evaluation at Defendants' premises, which would have directly benefitted Z.S., and which were provided to other hospital patients.

92.    Ms. Batista was entitled to effective communication in her role, known to Defendants' staff, as Z.S.'s mother.

93.    Defendants treated Ms. Batista differently than hearing individuals by not providing Ms. Batista the necessary auxiliary services that would enable her to effectively communicate with staff during her daughter's evaluation and treatment at Defendants' premises.

94.    Regulations implementing the ADA clearly require the provision of effective communication as part of its nondiscrimination mandate.

95.    Effective communication is achieved when a public accommodation furnishes "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c).

96.    Auxiliary services include but are not limited to, "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments."  42 U.S.C. § 12103(1)(A); see also 28 C.F.R. § 36.303(b)(1).

97.    Defendants subjected Plaintiff Barbara Batista to discrimination based upon Ms. Batista's disability in violation of Ms. Batista's rights under Title II of the ADA.

98.     Defendants repeatedly failed to provide Ms. Batista with auxiliary services in the form of qualified interpreters at Jacobi.

99.     Defendants failed to ensure that Ms. Batista was not excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12132.

100.     Defendants discriminated against Plaintiff Barbara Batista by failing to provide Ms. Batista with qualified sign language interpreters during her minor daughter's treatment at Jacobi.

101.     Defendants treated Plaintiff Barbara Batista differently than hearing individuals by not providing the necessary auxiliary services that would enable her to effectively communicate with medical center staff.

102.     Title II of the ADA, 42 U.S.C. § 12131, *et seq*. and the operable regulations adopted thereunder, require public entities to make "reasonable modifications in policies, practices or procedures when the modifications are necessary to avoid discrimination on the basis of disability."  28 C.F.R. § 35.130(b)(7).

103.     Defendants have violated Title II of the ADA by: denying Plaintiff Barbara Batista the benefits of their services, programs, and activities and subjecting Ms. Batista to discrimination; refusing to make reasonable modifications in their policies, practices or procedures necessary to afford Ms. Batista, and other individuals with disabilities, access to the services and privileges offered by Defendants, in violation of 28 C.F.R. § 35.130(b)(7); and using criteria or methods of administration of its services, programs, or activities, the effect of which discriminated against Ms. Batista because of Ms. Batista's disabilities; adopting and enforcing or refusing to adopt and enforce policies and practices designed and intended to ensure

that Ms. Batista had access to and enjoyment of health services in a manner equal to those without disabilities.

104.    Defendants' violations of Plaintiff Barbara Batista's rights under Title II of the ADA have proximately caused Ms. Batista to suffer discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

105.    As a result of Defendants' breaches of law, Plaintiff Barbara Batista has been damaged and injured and demands injunctive relief consistent with the reasonable accommodations noted above requiring Defendants to operate in compliance with applicable laws and regulations.

**THIRD CLAIM FOR RELIEF**
**New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-101 *et seq.***

106.    Plaintiff Barbara Batista re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

107.    Plaintiff Barbara Batista has a "disability" as defined in New York City Human Rights Law, Sec. 8-102 (16)(a), in that she is deaf.

108.    Plaintiff Barbara Batista is the known parent and guardian of Z.S. and as such was entitled to reasonable accommodations to provide effective communication at Defendants' medical center.

109.    Defendants' medical facility, Jacobi Medical Center, is a place of "public accommodation" within the meaning of New York City Human Rights Law, Sec. 8–102

(9).  This facility is a "covered entity," in that they are prohibited from engaging in unlawful discriminatory practices.  NY City Human Rights Law § 8–102 (1), (17).

110.    Providing a sign language interpreter in order to allow deaf or hard of hearing individuals to communicate with medical staff during evaluation and treatment at a hospital is a "reasonable accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (18).

111.    Defendants discriminated against Plaintiff Barbara Batista on the basis of Ms. Batista's disability and relationship to Z.S. and failed to make a "reasonable accommodation" for Ms. Batista's disability when they failed to provide Ms. Batista with a qualified sign language interpreter during her daughter's evaluation and treatment at the medical center.  New York City Human Rights Law, Sec. 8-107 (5), (15).

112.    As a result of Defendants' actions in violation of New York City Human Rights Law, Plaintiff Barbara Batista was damaged and injured.

113.    Plaintiff Barbara Batista was caused to suffer as a consequence of Defendants' failure to provide Ms. Batista with effective communication when seeking to discuss her daughter's medical history, complaints, diagnosis and prognosis, due to Defendants' failure to provide reasonable accommodations such as qualified interpreters.

114.    Defendants have wantonly, recklessly and maliciously acted with disregard for the rights and wellbeing of Plaintiff Barbara Batista, and Ms. Batista is thereby entitled to punitive damages.

115.    By reason of the foregoing, Plaintiff Barbara Batista demands compensatory and punitive damages and injunctive relief consistent with the reasonable accommodations noted

above requiring Defendants to operate in compliance with applicable laws and regulations, as well as attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**New York State Human Rights Law**
**N.Y. Exec. Law § 292**

116.    Plaintiff Barbara Batista re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

117.    Plaintiff Barbara Batista has a "disability" as defined in New York State Human Rights Law Section 292(21), in that she is deaf.

118.    Plaintiff Barbara Batista, as mother and guardian of Z.S., was entitled to reasonable accommodations to provide effective communication at Defendants' medical center.

119.     Jacobi Medical Center is a place of "place of public accommodation" within the meaning of NY State Human Rights Law § 292 (9).

120.    Defendants discriminated against Plaintiff Barbara Batista based on Ms. Batista's disability in "directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities and privileges of any such place" of public accommodation.  NY State Human Rights Law § 296 (2-a).

121.    Defendants discriminated against Plaintiff Barbara Batista based on Ms. Batista's disability and failed to make "reasonable accommodations" for her disability.  NY State Human Rights Law § 292 (21).

122.    Defendants' failure to comply with the New York State Human Rights Law has resulted in harm to Plaintiff Barbara Batista.

123.    By reason of the foregoing, Plaintiff Barbara Batista demands compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendants to operate in compliance with applicable laws and regulations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Barbara Batista respectfully requests that this Court:

a.    Enter such declaratory and injunctive relief under Title II of the ADA, Section 504 of the Rehabilitation Act, New York City Human Rights Law, and New York State Human Rights Law, against Defendants and in favor of Plaintiff Barbara Batista as it deems appropriate to remedy past violations of the laws of the United States and to prevent future violations of the same, including making available to deaf and hard of hearing individuals, among other forms of relief:

- Qualified interpreters;
- Auxiliary aids and services;
- Displays indicating availability of ASL interpreters;
- Forms to ensure ability of individuals to designate ASL as their primary language;
- Trained staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- The provision/designation of an interpreter-ADA accessibility coordinator who would evaluate the needs of any deaf or hard of hearing individuals;
- Policy and procedure to ensure compliance with the law;
- Means of monitoring and reporting non-compliance with the law.

b.    Enter judgment against Defendants and in favor of Plaintiff Barbara Batista for such compensatory damages as suffered by Plaintiff Barbara Batista under Section 504 of the Rehabilitation Act and New York State Human Rights Law;

c.    Enter judgment against Defendants and in favor of Plaintiff Barbara Batista for such injunctive, compensatory and punitive damages as suffered by Plaintiff Barbara Batista pursuant to New York City Human Rights Law;

d.      Enter judgment against Defendants and in favor of Plaintiff Barbara Batista for the costs of litigation, including reasonable attorneys' fees and costs;

e.      Award Plaintiff Barbara Batista any further relief the Court deems appropriate.

### **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Barbara Batista hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: October 12, 2018
New York, New York

Respectfully submitted,

By:    /s/ Bruce J.  Gitlin
Bruce J. Gitlin

The New York Center for Law and Justice
2095 Broadway, Suite 308
New York, New York 10023
(212) 757-2800
bgitlin@lawjusticecenter.org

*Attorney for Plaintiff Barbara Batista*